## TEXAS REFINING CO. v. LOUISIANA & ARKANSAS RY. CO.

### No. 10666.

Circuit Court of Appeals, Fifth Circuit.

March 15, 1944.

Rehearing Denied April 17, 1944.

Frank A. Leffingwell and Ralph W. Currie, both of Dallas, Tex., for appellant.

Charles J. Kelly, of Denver, Colo., and A. L. Burford, of Texarkana, Tex., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit to recover undercharges in freight rates covering certain railway shipments made by appellant in cars furnished by appellee. The court below rendered judgment against the shipper in the amount claimed, and it has appealed.

The material facts relating to each shipment are identical. The shipper ordered from the carrier a car 40 feet, 6 inches long, 10 feet high, and 9 feet wide. The carrier had no car available answering to these specifications, or any car 40 feet, 6 inches in length. In each instance the shipper was furnished a 50-foot car, which it accepted and used. Charges were assessed and collected on the basis of the length of the car ordered, rather than the length of the car furnished.

Rule 34 of the Consolidated Freight Classification, which is contained in a tariff lawfully published and on file with the Interstate Commerce Commission, provides that, when a closed car not longer than 40 feet, 7 inches is ordered, if a carrier is unable to furnish a closed car of the length ordered and furnishes a longer car, the minimum weight shall be that fixed for the car ordered. Appellant contends that this rule provides the measure of charges assessable for the shipments in question, by reason of which no greater amount was collectible than originally was paid. Appellee takes the position that a 40-foot, 6-inch car was not ordered, since the shipper included specifications as to height and width and in fact ordered a car of greater dimensions and capacity than the standard car of the same length referred to in the rule; that Rule 34 did not for this reason control the rates of the shipments in question; and that the acceptance and use of the 50-foot car obligated the shipper to pay the rate applicable thereto.

It must be noted that the provisions of Rule 34 do not expressly authorize the

specification of height and width in addition to length in placing an order for a car. If a 40-foot, 6-inch car of standard height and width had been supplied pursuant to the order, it would no more have been the car ordered than was the 50-foot car furnished. Moreover, the loading capacity of a car is of prime importance in the fixing of tariffs regulating the transportation of freight, so it may not be here said that a car of the dimensions ordered, having a greater capacity, was but equivalent to an order for a 40-foot, 6-inch car within the contemplation of the tariff.

For these reasons, we agree with the court below that the shipper did not order a 40-foot, 6-inch car within the intendment of Rule 34, and, therefore, it may not invoke the protective provisions of that tariff. By its acceptance and use of the 50-foot car tendered, it impliedly covenanted to pay therefor in accordance with the tariffs applicable thereto. The carrier was entitled to recover the sum awarded under the judgment entered, and that judgment is affirmed.